NO. 07-02-0442-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



OCTOBER 31, 2002



______________________________


 

IN RE TOMMIE J. DENSON


_________________________________






Before REAVIS and JOHNSON, JJ., and BOYD, S.J. (1)

 Relator Tommie J. Denson seeks a writ of mandamus. The person against whom
the writ is sought is not specified, although relator's petition listing the State of Texas as
Appellee references the Honorable Ebelardo Lopez, Judge of the 108th District Court of
Potter County, and also references a motion relator alleges he made in regard to post-conviction DNA testing. We deny the petition. 

 On October 28, 2002, relator filed with the clerk of this court a pleading entitled
Petition for Writ of Mandamus. Relator alleges that he has filed a request for post-conviction DNA testing and that the request was denied. We are requested to issue a writ
of mandamus, although the person against whom we are requested to issue the writ is not
specified. 

 In support of the petition for writ of mandamus, relator attached no documentation. 
For example, no copy of a judgment of conviction or motion for DNA testing is attached. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript of
any relevant testimony from any underlying proceeding including any exhibits offered in
evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Relator's petition contains only allegations. Certified, sworn copies of motions and
correspondence referenced in the petition are not attached or furnished, nor is any other
document or transcript. Relator has not presented a record which shows entitlement to the
relief sought, or upon which we are authorized to act.

 The petition for writ of mandamus is denied.


 Phil Johnson

 Justice





Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.



isclosing that appellant knew of his
duty to comply with the statute and initially informed the authorities that his address was
978 Lucky. This was the home of his sister, with whom he allegedly resided after leaving
prison. That he so resided there was re-confirmed by him in April of 2000. However,
appearing of record is testimony of a police officer with the Houston Police Department
disclosing that, during April and May of 2000, she attempted to contact appellant at the
address on six occasions, without success. Other evidence disclosed that 1) appellant's
sister moved from the locale, 2) a third-party moved into the abode located at 978 Lucky
in February 2000, 3) according to this new tenant, appellant had not resided there since
she moved in, 4) this new tenant also disclaimed knowing appellant, 5) appellant had not
lived with his sister for over 70 days, and 6) appellant, after discovering that a warrant had
been issued for his arrest, contacted law enforcement officials in the Summer of 2000 and
provided them with a new address.

 The foregoing constitutes some evidence upon which a rational jury could conclude,
beyond reasonable doubt, that appellant intentionally and knowingly failed to register as
required by art. 62.04(a) of the Code of Criminal Procedure. And, though other evidence
contradicted that mentioned above, including appellant's own testimony that he continued
to reside at 978 Lucky though he also stayed with his girlfriend at another locale, the
contradictory evidence merely created questions of fact for the jury to decide. It did not
render the jury's verdict clearly wrong or manifestly unjust.

 Accordingly, we overrule appellant's contentions and affirm the judgment.


 Brian Quinn

 Justice


Do Not Publish.